IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST
Joseph H. HALLOWS, Attorney at Law.

Supreme Court

*No. 86–1028-D. Filed March 5, 1987.*

(Also reported in 401 N.W.2d 557.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license revoked.*

The referee recommended that the license of
Attorney Joseph H. Hallows to practice law in Wisconsin be revoked for unprofessional conduct consisting of
neglect of several legal matters, failure to turn over
clients' files to successor counsel, making misrepresentations to a court and to clients, charging clients
excessive fees, acting in legal matters without disclosing the potential for a conflict of interest, borrowing
money from a client without disclosing their differing
interests in the matter, making unsolicited sexual

advances and engaging in sexual intercourse with a client, failing to render an account of client funds and to deliver those funds to the client and failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of his alleged misconduct. The referee also recommended that Attorney Hallows be required to reimburse four clients for losses incurred as a result of his unprofessional conduct. We determine that the revocation of Attorney Hallows' license is appropriate discipline for the numerous instances of his misconduct, the seriousness of that misconduct and the losses to the clients occasioned by it. We also determine that Attorney Hallows should be required to make restitution to those clients whose losses have been ascertained in this proceeding.

Attorney Hallows was licensed to practice law in Wisconsin in 1964 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Stewart Honeck.

Attorney Hallows did not contest the allegations of misconduct set forth in the Board's complaint. Following a hearing at which the Board presented testimony and other evidence concerning Attorney Hallows conduct, the referee made findings of fact and concluded that Attorney Hallows had engaged in unprofessional conduct in seven separate matters.

(1) In April, 1983 a woman retained Attorney Hallows to pursue a personal injury claim on behalf of herself and her daughter. Attorney Hallows failed to return more than 20 of his client's telephone calls concerning the status of the case, and her certified letter informing him that she was obtaining other counsel to represent her in the matter was returned

unclaimed. Attorney Hallows also failed to respond to the requests made by the client and her successor counsel for the return of her file. At a November, 1985 meeting of the district professional responsibility committee, Attorney Hallows promised to turn over the file to the Board not later than November 22, 1985, but he has not done so. The referee concluded that Attorney Hallows neglected this legal matter, in violation of SCR 20.32(3), and failed to turn over the client's file to successor counsel, in violation of SCR 20.16(1)(b).

(2) In 1982 a man retained Attorney Hallows to represent him in a legal malpractice claim, for which he paid him a retainer of approximately $1900 and entered into a contingent fee agreement. Attorney Hallows filed an action on his client's behalf but failed to do any substantial work in the matter, failed to prepare his client's testimony for a scheduled trial, failed to respond to several client telephone calls and letters concerning the status of the case and, after the client retained other counsel to represent him in the matter, refused to turn over the file. The referee concluded that Attorney Hallows neglected the legal matter, in violation of SCR 20.32(3), and failed to turn over the client's file to successor counsel, in violation of SCR 20.16(1)(b).

On the day of the trial in the action, Attorney Hallows assured the trial judge that he had prepared expert witnesses to testify and had arranged to have those witnesses available. In fact, five of the experts named by Attorney Hallows as witnesses had not been contacted by him or by anyone else on his behalf to testify in the case. The referee concluded that this misrepresentation to the court constituted conduct involving fraud, dishonesty, deceit or misrepresenta-

tion, in violation of SCR 20.04(4), and a violation of SCR 20.36(1)(e), which prohibits a lawyer from knowingly making a false statement of law or fact in the representation of a client.

(3) In April, 1984 a woman retained Attorney Hallows to represent her in obtaining an increase in child support and to collect delinquent support payments. The client signed a fee agreement and paid him approximately $1055 in fees, but Attorney Hallows failed to have the matter set for a hearing, failed to obtain any increase in child support, and failed to collect any support arrearages. Attorney Hallows also failed to return the client's numerous telephone calls inquiring after the status of the matter. The referee concluded that Attorney Hallows neglected the legal matter, in violation of SCR 20.32(3), and charged his client a clearly excessive fee, in violation of SCR 20.12(1).

(4) At his suggestion, Attorney Hallows represented a woman with whom he was having an intimate relationship in a real estate matter and in a child support matter, but he didn't disclose the potential conflict between his professional and personal interests or suggest that the client retain other counsel. He and the client never agreed on a fee for his representation, but at his request the client signed a blank promissory note to pay his fees. Attorney Hallows subsequently filled in the amount of the note at $6160, with interest at an annual rate of 18 percent.

After the client's personal relationship with Attorney Hallows terminated, he sent her a bill for approximately 110 hours of legal services but did not give her an itemized statement of those services. The client testified that Attorney Hallows had met with her only a couple of times, when she assisted him in

looking up courthouse records, and conducted some settlement discussions with opposing counsel in the child support matter. Subsequently, Attorney Hallows withdrew from representing her in the real estate matter but failed to turn over the file or give her sufficient time to obtain other counsel. Attorney Hallows then sued the client for legal fees and collection charges, including interest on the unpaid balance of the fees, pursuant to the terms of the promissory note. The client filed for bankruptcy, and Attorney Hallows' fees were not paid.

The referee concluded that Attorney Hallows violated SCR 20.24(1) by rendering legal services on behalf of a person with whom he had a personal relationship without disclosing the potential for a conflict of interest, that his withdrawal from representation without notice and without giving the client her file violated SCR 20.16(1)(b), and that his fee was clearly excessive, in violation of SCR 20.12(1). The referee also concluded that Attorney Hallows charged his client interest in excess of that permitted by statute, in violation of sec. 138.05, Stats.

(5) In January, 1984, a woman retained Attorney Hallows to represent her in a divorce. At his office, during her first appointment with him, Attorney Hallows made unsolicited sexual advances and engaged in sexual intercourse with her. On many subsequent occasions when the client met with Attorney Hallows at his office to discuss the divorce matter, he initiated sexual contact and engaged in sexual intercourse with the client. He never informed the client of the potential of a conflict between his professional and personal interests or suggest that she obtain other counsel to represent her in the divorce.

Attorney Hallows sent the client five unitemized statements for legal services but never provided an itemized statement describing the nature of those services. The client paid him at least $4000 for legal services, notwithstanding that the divorce was simple and uncontested. At the conclusion of the divorce hearing in August, 1985, Attorney Hallows agreed to prepare findings of fact and conclusions of law but failed to do so, despite several requests from opposing counsel.

While still his client, the woman received approximately $1000 in an insurance settlement. Attorney Hallows asked to borrow that money and the client agreed. Attorney Hallows did not give the client a note for the loan, and he failed to repay it. He did not disclose to the client their differing interests in the loan transaction, nor did he suggest she consult with independent counsel in the matter. At the conclusion of the divorce, Attorney Hallows received $2061 on the client's behalf from the closing of a money market account, and he had the client sign the check over to him, stating that if there was money remaining after the payment of his fees, he would return it to her. Attorney Hallows failed to send the client a final statement or render an accounting with respect to those funds.

The referee concluded that Attorney Hallows violated standards of professional conduct by making unsolicited sexual advances and engaging in sexual intercourse with his client, in violation of SCR 21.05(5), that his continuing to represent the client while maintaining a personal, intimate relationship with her and failing to disclose the possible conflict of interest violated SCR 20.24(1), that his borrowing money from the client without disclosing their differ-

ing interests violated SCR 20.27(1), that his neglect of the divorce matter violated SCR 20.32(3), that the fee charged was clearly excessive, in violation of SCR 20.12(1), and that his failure to render any account to the client for funds he received on her behalf and his failure to deliver those funds to her violated SCR 20.50(2).

(6) In 1983 Attorney Hallows suggested to a woman with whom he was having an intimate relationship that he provide legal services to obtain child support and an injunction against her former spouse to prevent harassment. He did not advise the woman of the potential conflict between his professional and personal interests, nor did he suggest that she seek other counsel to represent her. On numerous times when the client met with him in his office to discuss legal matters, Attorney Hallows initiated sexual intercourse with her. On one such occasion, he engaged in sexual activities with her in the office in the presence of other clients.

Attorney Hallows represented the woman at a hearing before a family court commissioner in March of 1984, which resulted in an order requiring the former spouse to pay $260 per month support. Attorney Hallows urged the client to appeal that order to the circuit court, and he attended a hearing for that purpose in June, 1984. That hearing was twice postponed, and Attorney Hallows made no further appearances in the matter on his client's behalf. Attorney Hallows failed to return any of the client's almost daily telephone calls following the hearing to ask about the matter.

Between June, 1983 and March, 1984 the client had paid Attorney Hallows at least $3050 for legal services. When the client ultimately discharged him

and retained other counsel to pursue the support matter, Attorney Hallows refused to turn over the file, allegedly because his statement for fees in the amount of $778.18 had not been paid.

Attorney Hallows then filed a small claims action against the client for those fees but failed to appear at the calendar call on the return date. The client's motion to dismiss the action was granted, but Attorney Hallows appeared later the same day in small claims court and persuaded the clerk to vacate the dismissal and enter a judgment in his favor. He did not disclose to the clerk that the action had been dismissed by reason of his failure to appear. Within hours, Attorney Hallows had a garnishment summons and complaint served on the former client's employer. The former client's successor counsel succeeded in having the small claims judgment set aside, and the garnishment action was dismissed.

The former client then filed an action against Attorney Hallows claiming she had been overcharged for his services, and a trial was scheduled for June 19, 1986. A few days prior to trial, Attorney Hallows contacted the clerk of court and stated that the case had been settled and should be taken off the calendar, knowing that this was not true. Attorney Hallows did not appear on the trial date and telephoned the court, stating that his wife was ill and that he could not attend. The judge did not accept the excuse and proceeded with the hearing as a default, finding that the former client had been overcharged in the amount of $2500.

The referee concluded that Attorney Hallows performed legal services for a client without disclosing the potential for a conflict between his professional and personal interests, in violation of SCR 20.24(1),

that he neglected the support matter, in violation of SCR 20.32(3), that he failed to carry out his contract of employment, in violation of SCR 20.35(1)(b), that he failed to turn over the client's file to successor counsel, in violation of SCR 20.16(1), that the fee charged was clearly excessive, in violation of SCR 20.12(1), and that his action in obtaining a judgement against the client without disclosing to the court clerk that the action had been dismissed because of his failure to appear constituted conduct involving fraud, dishonesty, deceit or misrepresentation, in violation of SCR 20.04(4).

(7) In 1983 Attorney Hallows represented a man charged with possession of cocaine. He negotiated a plea agreement by which the client received probation, and the client paid him approximately $4500 for his services. After sentencing, Attorney Hallows sent his client a bill for an additional $600, representing his charges for attending the sentencing hearing and closing the file. The client refused to pay that bill.

Attorney Hallows then commenced a small claims action against the client for those fees but failed to appear at the calendar call on the return date. The action was dismissed, but later that same day Attorney Hallows appeared in small claims court and persuaded the deputy clerk to vacate the dismissal and enter judgment in his favor. Attorney Hallows did not tell the clerk that the reason for the dismissal was his failure to be present when the case was called. Subsequently, the client's successor counsel and Attorney Hallows agreed that in exchange for the former client's payment of $200, Attorney Hallows would deliver the client's file. The $200 was tendered, but Attorney Hallows did not return the file.

The referee concluded that Attorney Hallows engaged in conduct involving fraud, dishonesty, deceit

or misrepresentation by obtaining a judgment against his client without advising the clerk that the action had been dismissed because of his failure to appear, in violation of SCR 20.04(4), and that he violated SCR 20.16(1)(b) by failing to return the client's file.

In addition to the foregoing misconduct, the referee concluded that Attorney Hallows failed to cooperate with the Board in its investigation of his alleged misconduct and failed to produce documents requested by the Board, in violation of SCR 21.03(4) and 22.07(2) and (3).

As discipline for his misconduct, the referee recommended that Attorney Hallows' license to practice law in Wisconsin be revoked and that he be required to pay the costs of this proceeding and make restitution to four former clients as follows: to the client in the matter discussed at (3) above, $1055; to the client in the matter discussed at (5) above, $6061; to the client in the matter discussed at (6) above, $3050; to the client in the matter discussed at (7) above, $200.

We adopt the referee's findings of fact and conclusions of law and accept his recommendation for discipline. Attorney Hallows' misconduct is most serious: he established a pattern of neglecting the needs of his clients, charging and collecting fees far in excess of the value of his services to them, placing his interests above theirs, intentionally misrepresenting facts to the court and court staff in order to protect himself and at the expense of his clients, and refusing to turn over to his clients materials and monies to which they were entitled. By his misconduct Attorney Hallows has demonstrated his disregard for the fundamental role of a lawyer as a client's legal representative and an officer of the court. His misconduct warrants the

revocation of his license to practice law in Wisconsin. Also, to the extent that his clients' losses resulting from that misconduct have been established in this proceeding, it is appropriate that we order him to make restitution.

IT IS ORDERED that the license of Joseph H. Hallows to practice law in Wisconsin is revoked, effective April 13, 1987.

IT IS FURTHER ORDERED that within six months of the date of this order Joseph H. Hallows make restitution to his former clients as set forth herein.

IT IS FURTHER ORDERED that within six months of the date of this order Joseph H. Hallows pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Joseph H. Hallows comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.